ST:WDS
F.# 2012R00370
[9.2011 historical cell site warrant]

**12 MISC 395**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X
IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR ORDERS AUTHORIZING THE
DISCLOSURE OF LOCATION DATA
RELATING TO A SPECIFIED WIRELESS
TELEPHONE

- - - - - - - - - - - - - - - -X

<u>FILED UNDER SEAL</u>

<u>AFFIDAVIT IN SUPPORT OF
APPLICATION</u>
(Fed. R. Crim. P. 41; T. 18,
U.S.C., § 2703(c)(1)(A),
T. 28, U.S.C., § 1651(a))

EASTERN DISTRICT OF NEW YORK, SS:

I, Ayesha Winston, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 347-417-2377 subscribed in the name Akeem Monsalvatge, 109-93 201st Street, Queens, NY 11412 (the "Target Cell Phone"), whose wireless telephone service provider is AT&T Mobility (the "Service Provider"). The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for approximately seven years. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for crimes related to unlawful possession and use of firearms, including armed robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of federal criminal laws, including Hobbs Act robbery in violation of 18

U.S.C. § 1951(a), respectively, have been committed by Akeem Monsalvatge. There is also probable cause to believe that Akeem Monsalvatge has used the Target Cell Phone to commit the above-mentioned offenses, specifically in connection with the armed robbery of a check cashing establishment called Pay-O-Matic on February 14, 2012. There is therefore probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of other individuals who engaged in the commission of these above-mentioned offenses, the identification of locations of Monsalvatge's meetings, and location of evidence.

### PROBABLE CAUSE

5. On February 14, 2012, Pay-O-Matic, a check cashing establishment located in Queens, NY, was robbed by three armed men. According to an employee of Pay-O-Matic, on the day of the robbery, three men dressed as New York City Police Department ("NYPD") officers approached the employee as she was arriving at work at approximately 8:00 a.m. They had exited a dark-colored SUV with a broken rear window, which was parked outside of the Pay-O-Matic. The men showed the employee a photograph of her house and escorted her into the store.

6. Once inside, one of the men brandished a firearm, and the three men proceeded to rob the establishment, removing

approximately $200,000 from an unlocked safe. They then left the store, entered the above-mentioned SUV and drove away.

7. The three men left behind the above-mentioned photograph of the employee's home. On the back of the photograph was printed "Walgreens 11316 12/03/11." Based on the store number "11316," the NYPD determined that the photograph had been printed at a Walgreens located at 125-55 Farmers Boulevard in Queens, New York. Thereafter, Walgreens employees provided a receipt for the photograph, which showed that the photograph was printed for "Byam, E."; the receipt also contained the telephone number 347-417-2377, which is subscribed to Jodi Ferguson, 16913 110th Road, Jamaica, NY 11433 and Edward Byam, 18918 Keeseville Avenue, Jamaica, New York, 11412 (the "Byam Telephone").

8. A review of telephone toll records for the Byam Telephone revealed approximately 89 calls to the Target Cell Phone during the two weeks prior the robbery, 22 of which occurred on the day of the robbery. The Target Cell Phone is subscribed to in the name of Akeem Monsalvatge.

9. Notably, on September 8, 2010, Akeem Monsalvatge was arrested by the New York City Police Department (NYPD) for a robbery of another Pay-O-Matic store in Queens that occurred on February 24, 2010. Monsalvatge was arrested in that case based on a DNA match from a pair of hand-cuffs used by the robbers to restrain one of the victims during the robbery. Monsalvatge has

been out on bond since September 2010 in that case, which remains pending.

10. In my training and experience, I have learned that the Service Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and store cell-site data, also known as tower/face information or cell tower/sector record. Cell-site data identifies the cell towers (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the sector (i.e., 120-degree face of the tower) to which the telephone connected during a call. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

11. Based on my training and experience, I know that the Service Provider may collect and maintain cell-site data about the Target Cell Phone in the ordinary course of business.

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).[1]

13. I further request that the Court direct the Service Provider to disclose to the government any information described in Attachment B that is within the Service Provider's possession, custody, or control. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

14. I further request that the Court order that all papers in support of this application, including the affidavit and search warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation. Disclosure of this application and these orders would seriously jeopardize the ongoing investigation, as such a disclosure would

---

[1] I have been informed by Assistant United States Attorney Una A. Dean that the Stored Communication Act ("SCA"), 18 U.S.C. § 2703(c)(1), authorizes the government to require the provider to disclose the information pertinent to this application by obtaining a warrant, a court order under § 2703(d), or the consent of the subscriber, with the means employed having implications on notice requirements, among other things. In the instant case, the government has opted to pursue a warrant based upon probable cause to obtain the information, though the government could obtain that information through a lesser evidentiary showing. See 18 U.S.C. § 2703(d) (authorizing issuance of § 2703(d) order upon a showing of "specific and articulable facts showing . . . reasonable grounds to believe that . . . the records or other information sought are relevant and material to an ongoing criminal investigation").

give the targets of the investigation an opportunity to destroy evidence, harm or threaten victims or other witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution. Moreover, to the extent that the warrants authorize the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored

wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

Dated: Brooklyn, New York
, 2012

_____
Ayesha Winston
Special Agent, ATF

Sworn to before me the 15 day of June, 2012

s/Ramon E. Reyes, Jr.

THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A

### Property To Be Searched

Records or other information about the location of the cellular telephone assigned call number 347-417-2377 from November 1, 2011 until ~~11:00 a.m. Eastern Time on 11 a.m. on the date of this application~~ February 2, 2012, that is within the possession, custody, or control of AT&T Mobility.

**ATTACHMENT B**

Particular Things to be Seized

All recorded information identifying the base station towers and sectors that received transmissions from the cellular telephone described in Attachment A (hereinafter, the "Target Cell Phone"), at the beginning and the end of each communication to or from the Target Cell Phone, including calls or text message transmissions, and the mobile switching center serving the Target Cell Phone during any such communications, for the period from November 1, 2011 until 11 a.m. on the date of this application.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T Mobility, AT&T Mobility is required to disclose the Location Information to the government. The government shall compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.